2015 VT 9

## In re PRB DOCKET NO. 2014.168

[114 A.3d 480]

No. 14-472

¶ 1. January 9, 2015. Upon review of the hearing panel decision in this matter, the Court concludes as follows: The decision presents a well-reasoned discussion and resolution of a problem common in legal practice, particularly for small firms and solo practitioners. Accordingly, the Court orders review of the decision on its own motion, adopts the hearing panel decision in its entirety as a final order of this Court, waives briefing and oral argument, and orders that the decision be published in the Vermont Reports.

STATE OF VERMONT
PROFESSIONAL RESPONSIBILITY
BOARD
In re: PRB File No. 2014.168
Decision No. *180*

The parties have filed a Stipulation of Facts together with Recommended Conclusions of Law and a Recommendation for Sanctions. Respondent has waived certain procedural rights including the right to an evidentiary hearing. The panel accepts the stipulated facts and recommended conclusions of law and orders that Respondent be admonished by Dis-

ciplinary Counsel for violation of Rules 1.15A(a)(1), 1.15A(a)(4) and 1.15(a)(1) of the Vermont Rules of Professional Conduct for failure to maintain adequate trust account records.

### Facts

Respondent was admitted to practice law in Vermont in 1986, and in 2014 her trust account was selected for audit as part of Disciplinary Counsel's audit program. A Certified Public Accountant (CPA) performed the audit for calendar year 2013, and as a result of the audit Disciplinary Counsel opened an investigation into Respondent's trust account management.

Prior to the audit, Respondent's practice was to reconcile her trust account balances with each transaction by making notations on each individual client's billing statements. She kept track of each client's trust account balance, but did not maintain a single source for all trust account activity. She used a manual check register, but she did not consistently record every deposit and did not always note client names in the register when withdrawing earned fees. She did not reconcile trust account activity to her monthly bank statement and did not reconcile the account itself on a regular basis.

Respondent was under the mistaken impression that earned fees had to be deposited to her trust account. She would deposit these fees into the trust account and then immediately write a trust account check to withdraw them. She now places earned fees directly into her business account.

Respondent was unable to provide documentation to the CPA for a $3000 electronic debit from her trust account. In addition, since her check register is incomplete, she is not able to preserve accurate trust account records for six years after the termination of representation as required by the rules.

Upon completion of the audit, Respondent sought guidance from several other attorneys on appropriate trust account practices and is in the process of hiring an accountant to manage her trust account. She acknowledges that her noncompliance with the rules was due to ignorance of correct procedures, and that this is not a defense to the violations of the rules.

Respondent's client funds were never improperly used or in jeopardy nor is there evidence that any clients or third parties were injured as a result of the violations.

The following mitigating factors are present: Respondent has no prior disciplinary record, she had no selfish or dishonest motive, she has cooperated with the disciplinary proceedings and has made efforts to rectify the consequences of her misconduct. There are no aggravating factors.

## Conclusions of Law

Rule 1.15A(a) of the Rules of Professional Conduct provides that:

> Every lawyer or law firm holding funds of clients or third persons in connection with a representation as defined in Rule 1.15(a)(2) shall hold such funds in one or more accounts in a financial institution. An account in which funds are held that are in the lawyer's possession as a result of a representation in a lawyer-client relationship shall be clearly identified as a "trust" account. An account in which funds are held that are in the lawyer's possession as a result of a fiduciary relationship that arises in the course of a lawyer-client relationship or as a result of a court appointment shall be clearly identified as a "fiduciary" account. The lawyer shall take all steps necessary to inform the financial institution of the purpose and identity of all accounts maintained as required in this rule. The lawyer or law firm shall maintain an accounting system for all such accounts that shall include, at a minimum, the following features:
>
> (1) a system showing all receipts and disbursements from the account or accounts with appropriate entries identifying the source of the receipts and the nature of the disbursements;
>
> (2) a record for each client or person for whom property is held, which shall show all receipts and disbursements and carry a running account balance;
>
> (3) records documenting timely notice to each client or person of all receipts and disbursements from the account or accounts; and
>
> (4) single source for identification of all accounts maintained as required in this rule.

Respondent did not maintain such a system. Her procedure of making notations in individual client files did not meet this standard. She did not fully document each transaction in her trust account on her check register, and she did not have a single source to which she could go to identify all transactions.

Rule 1.15(a)(1) provides that:

> A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in accordance with Rules 1.15A and B. Other property shall be identified as such and appropriately safeguarded. Complete records

of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of six years after termination of the representation.

Respondent violated this rule in two respects. This rule prohibits the comingling of the attorney's own funds with client funds. This comingling occurred every time Respondent placed earned fees into her trust account. Secondly, she had no documentation for a $3000 electronic transfer from her trust account and was thus unable to maintain complete client account records for the required six years.

### Sanctions

The parties have joined to recommend that Respondent be admonished by Disciplinary Counsel for violation of the above rules. This sanction is consistent with both the ABA Standards for Imposing Lawyer Sanctions and prior Vermont cases, and we adopt the recommendation.

Section 4.14 of the ABA Standards provides that admonition "is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client."

Respondent's negligence in the management of her trust account arose out of ignorance of the rules. No client or third party was injured as a result of the violations, and there was little potential for injury.

In addition there are a number of mitigating factors. Respondent has no prior disciplinary record, ABA Standards § 9.32(a); she had no dishonest or selfish motive, ABA Standards § 9.32(b); she has made a timely and good faith effort to rectify the consequences of her misconduct by seeking advice on trust account management and improving her record keeping, ABA Standards § 9.32(d); and she has cooperated with the disciplinary

proceedings, ABA Standards § 9.32(e). There are no aggravating factors.

There have been several recent cases with facts similar to the present case. In each one, the violations were brought to Disciplinary Counsel's attention either by trust account audits, the attorney's response to the annual trust account survey or overdraft notices sent to Disciplinary Counsel when the attorney failed to confirm the receipt of funds in a real estate transfer case. Like Respondent, each of these attorneys could have avoided the violations by setting up their trust accounts in accordance with the rules[*] and by regular and careful account reconciliation.

A failure to adequately understand the rule against comingling led the attorney in *In re PRB Decision No. 170* (April 2014) to place funds in his trust account to pay office expenses when he ran out of blank checks for his operating account. Respondent's placing of earned fees in her trust account resulted in similar comingling.

The attorney in *In re PRB Decision No. 175* (August 2014) was selected for audit, and the auditor found that, like Respondent, the attorney did not maintain a single source for all trust account activity, and was unable to provide supporting documentation for a check on the trust account. Similarly in *In re PRB Decision No. 167* (2014) the attorney did not maintain a single source for all account activity.

In each of these cases, the attorneys were admonished by Disciplinary Counsel and, like Respondent, took steps to

---

[*] The Office of Disciplinary Counsel has created a manual to assist attorneys in managing their trust accounts. MANAGING CLIENT TRUST ACCOUNTS RULES, REGULATIONS, AND TIPS can be found at https://www.vermont judiciary.org/LC/attydiscipline.aspx

bring their accounts into compliance with the rules as soon as they became aware of the deficiencies in their systems.

### Order

Respondent shall be admonished by Disciplinary Counsel for violation of Rules 1.15A(a)(1), 1.15A(a)(4) and 1.15(a)(1) of the Vermont Rules of Professional Conduct.